PATTERSON, Judge.
Donald Gagnon appeals from the trial court’s dismissal of his action to quiet title for having failed to exhaust his administrative remedies. We reverse.
This case involves chapter 8537, Laws of Florida (1921), commonly referred to as the “Butler Act,” later codified as section 271.01, Florida Statutes (repealed by implication 1951, expressly repealed 1957). The Butler Act granted title to submerged lands to riparian owners when those submerged lands had been bulkheaded, filled in, or permanently improved. The grant of title can run from *815 the high water mark to the nearest channel.[1]
Gagnon, an owner of riparian lands in Manatee County, sued the Board of Trustees of the Internal Improvement Fund (the Trustees) to confirm title in himself to certain adjacent submerged lands. The Trustees moved to dismiss the complaint, asserting that Gagnon had failed to exhaust administrative remedies available to him under Florida Administrative Code Rule 18-21.019. That rule provides for the Trustees to issue disclaimers of state ownership to submerged lands to all persons who can establish title to such lands pursuant to the Butler Act. The trial court granted the motion to dismiss. Although there are a substantial number of appellate decisions concerning the Trustees and the Butler Act, this appears to be the first time this issue has surfaced.
In Jacksonville Shipyards, Inc. v. Department of Natural Resources, 466 So.2d 389 (Fla. 1st DCA 1985), Jacksonville Shipyards’ Butler Act claim reached the First District through the administrative process; Jacksonville Shipyards appealed the Department’s final order which denied its application to the Trustees for the issuance of a disclaimer to submerged lands. State Board of Trustees of the Internal Improvement Trust Fund v. Key West Conch Harbor, Inc., 683 So.2d 144 (Fla. 3d DCA 1996), review denied, 695 So.2d 698 (Fla.1997), and City of West Palm Beach v. Board of Trustees of the Internal Improvement Trust Fund, 714 So.2d 1060 (Fla. 4th DCA 1998), review granted, 93,821, 729 So.2d 390 (Fla. 1999), were both quiet title actions instituted in the circuit court. Although both cases discuss Jacksonville Shipyards, neither makes any reference to administrative remedies.
We conclude that a quiet title action in the circuit court and an administrative application under rule 18-21.019 are alternative remedies available to the landowner. This is true because section 26.012(2)(g), Florida Statutes (1997), provides that circuit courts “shall have exclusive original jurisdiction: ... (g) In all actions involving the title and boundaries of real property.” Our conclusion is underscored by the conflict existing between Key West Conch Harbor and City of West Palm Beach as to the extent of the grant of title under the Butler Act. The Fourth District in City of West Palm Beach has held that only the “footprint” of certain docks and piers are subject to the Butler Act grant. The Third District in Key West Conch Harbor has determined that the grant extends not only to the “footprint” of such structures, but also to the dredged submerged lands between the structures. Until this conflict is resolved by our supreme court, the Trustees have no controlling precedent as to the extent of its disclaimers. This issue has not been addressed in this district and only the circuit court in a quiet title action has the authority to make that determination as it applies to Gagnon.
Therefore, we reverse the trial court’s order of dismissal and direct that Gagnon’s complaint be reinstated.
CAMPBELL, A.C.J., and GREEN, J., Concur.

. For a detailed explanation of the Butler Act, see City of West Palm Beach v. Board of Trustees of the Internal Improvement Trust Fund, 714 So.2d 1060 (Fla. 4th DCA 1998), review granted, 93,821, 729 So.2d 390 (Fla. 1999).